## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **MICHAEL E. McKINZY, SR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 08-2649-CM** |
| | ) | |
| **INTERSTATE BAKERIES CORP.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>ORDER</u>

This case is before the court on plaintiff Michael McKinzy's request for review of rulings by Magistrate Judge James P. O'Hara (Doc. 29). Plaintiff filed this *pro se* civil rights action ("*McKinzy I*") against defendant Interstate Bakeries Corporation on December 22, 2008, alleging that, during his employment with defendant, he was subject to harassment and discrimination based on his race in violation of Title VII and 42 U.S.C. § 1981 (Doc. 1). Plaintiff filed a motion to amend his complaint on February 11, 2009, seeking to "add additional claims of failure to hire in retaliation for filing EEOC charges and racial discrimination under Title VII and 42 U.S.C. § 1981" and to "make corrections regarding defendant's proper identity as being Interstate Brands Corporation" (Doc. 12). Magistrate Judge O'Hara found that plaintiff had failed to clearly specify his proposed changes as required by Local Rule 15.1. Magistrate Judge O'Hara therefore denied plaintiff's motion to amend without prejudice to refiling (Doc. 14).

Plaintiff filed a motion for summary judgment in this case ("*McKinzy I*") on February 17, 2009 (Doc. 15). For reasons stated on the record during the March 3, 2009 status conference, Magistrate Judge O'Hara denied plaintiff's Motion for Summary Judgment without prejudice (Doc. 27). It appears Magistrate Judge O'Hara determined that plaintiff's motion for summary judgment

sought summary judgment on claims not contained in his complaint.  That is, plaintiff sought

summary judgment on claims contained in his proposed amended complaint.  Subsequently, the

proposed amended complaint was filed as a separate case, Case No. 09-2081-CM-JPO, raising

plaintiff's claims of retaliation and refusal to hire ("*McKinzy II*").  That case was consolidated with

this case on March 5, 2009 (Doc. 28).

On March 16, 2009, plaintiff filed the instant Notice of Objections Pursuant [sic] Fed. R.

Civ. P. 72 and Motion for District Judge Review of Denial of Plaintiff's Motion for Summary

Judgment and Motion to Amend Complaint (Doc. 29).  For the reasons that follow, the court denies

plaintiff's motion.

Plaintiff's instant request for review has been rendered moot.  The amendments sought and

denied in *McKinzy I* are identical to those raised in *McKinzy II*, and the court's order consolidating

the cases puts plaintiff in substantially the same position he would have enjoyed had his original

motion to amend been granted.

Moreover, even if the consolidation of the cases did not render plaintiff's request for review

moot, the court finds that Magistrate Judge O'Hara's order was not "clearly erroneous or contrary to

law." *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil

Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed.

R. Civ. P. 72(a).  Under this applicable clear error standard, this court will affirm "unless it, 'on the

entire evidence, is left with the definite and firm conviction that a mistake has been committed.'"

*Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395

(1948)); *see McCormick v. City of Lawrence, Kansas*, 218 F.R.D. 687, 692–93 (D. Kan. 2003).  In

this case, plaintiff has failed to establish clear error.  Rather, Magistrate Judge O'Hara properly

exercised his discretion to deny, without prejudice, a motion to amend that failed to meet the specificity requirements of the rule; and to deny, again without prejudice, a motion for summary judgment that sought judgment on claims not contained in the complaint.

By way of response, defendant suggests that plaintiff has been warned of the potential for sanctions under Fed. R. Civ. P. 11 for meritless filings. Defendant characterizes the instant motion as meritless, and seeks fees and costs incurred in preparing its response. The court declines to assess fees and costs to plaintiff as a sanction for this motion. However, this court acknowledges its power, under Rule 11 and otherwise, to impose such sanctions should the circumstances merit it. Fed. R. Civ. P. 11; *Stafford v. United States*, 208 F.3d 1177, 1179 (10th Cir. 2000). Plaintiff is cautioned to take care that his filings do not fall into this category. *See Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007).

**IT IS THEREFORE ORDERED** that plaintiff's Notice of Objections Pursuant [sic] Fed. R. Civ. P. 72 and Motion for District Judge Review of Denial of Plaintiff's Motion for Summary Judgment and Motion to Amend Complaint (Doc. 29) is denied.

Dated this  10th  day of April, 2009, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
