IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL E. McKINZY, SR.,            )
                                    )
              Plaintiff,            )
                                    )
v.                                  )        Case No. 08-2649-CM
                                    )
INTERSTATE BAKERIES CORP.,          )
                                    )
              Defendant.            )

## ORDER

This case is now before the undersigned U.S. Magistrate Judge, James P. O'Hara, on the pro se plaintiff's motion requesting that the case be reassigned to a different district judge and a different magistrate judge (**doc. 61**).[1]  The undersigned will rule on the motion to the extent that it requests recusal by the undersigned as the U.S. Magistrate Judge assigned to this case.[2]

28 U.S.C. § 455(a) & (b)(1) provides that a judge must disqualify himself if "his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice concerning a party."  The broader of the two sub-divisions, § 455(a), is designed to prevent

---

[1] Defendant filed a response to the motion (doc. 62), but the court had finalized this order before the response was filed.  Therefore, the court did not rely on the response, and the court will not await a reply from plaintiff before ruling.

[2] The motion remains pending as to the portion of the motion requesting recusal by the U.S. District Court Judge assigned to this case.

even the appearance of partiality.[3]  Therefore, the judge must recuse himself where there is

the appearance of bias, regardless of whether any actual bias exists.[4]  "The test is whether a

reasonable person, knowing all the relevant facts, would harbor doubts about the judge's

impartiality."[5]

Yet a judge has "as much obligation . . . not to recuse when there is no occasion for

him to do so as there is for him to do so when there is."[6]  Thus, he has a duty to sit when

there is no legitimate reason for him to recuse himself.[7]  Courts must exercise great care in

considering motions for recusal in order to discourage their use for judge shopping or delay.[8]

---

[3] *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988); *Harris v. Champion*, 15 F.3d 1538, 1571 (10th Cir. 1994).

[4] *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002); *see also Liteky v. United States*, 510 U.S. 540, 548 (1994) ("[W]hat matters is not the reality of bias or prejudice but its appearance.").

[5] *Bryce*, 289 F.3d at 659 (quotation omitted); *accord David v. City & County of Denver*, 101 F.3d 1344, 1350 (10th Cir. 1996); *see also United States v. Pearson*, 203 F.3d 1243, 1277 (10th Cir. 2000) ("A judge has a continuing duty to recuse under § 455(a) if sufficient factual grounds exist to cause a reasonable, objective person, knowing all the relevant facts, to question the judge's impartiality.").

[6] *David*, 101 F.3d at 1351 (quotation omitted); *accord Maez v. Mountain States Tel. & Tel., Inc.*, 54 F.3d 1488, 1508 (10th Cir. 1995).

[7] *Bryce*, 289 F.3d at 659; *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995).

[8] *Nichols*, 71 F.3d at 351 (noting that § 455(a) is not "intended to bestow veto power over judges or to be used as a judge shopping device"); *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (noting that Congress was concerned that § 455(a) might be abused as a judge-shopping device); *see also, e.g., In re Allied-Signal, Inc.*, 891 F.2d 967, 970 (1st Cir. 1989) ("[T]he disqualification decision must reflect . . . the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking."); *In re Nat'l Union Fire*

In the instant motion, plaintiff contends that the undersigned imposed sanctions on plaintiff "as retribution . . . for plaintiff exercising his rights to appeal court decisions to the Tenth Circuit Court of Appeals." Plaintiff is referencing the order issued by the undersigned on July 6, 2009 (doc. 60), which required plaintiff to pay defense counsel $500 for the fees incurred in the filing of defendant's motion to compel discovery responses.

The Supreme Court has explained that the court should recuse itself only if a reasonable person would believe that the undersigned has displayed such "deep-seated favoritism or antagonism that would make fair judgment impossible."[9] The court finds that no reasonable person would believe that the undersigned's imposition of fees implicates the level of "deep-seated favoritism or antagonism" that would make recusal proper in this case. As explained in the July 6, 2009 order itself, Fed. R. Civ. P. 37(a)(5)(A) required the court to sanction plaintiff for asserting unjustified objections to defendant's discovery requests, which objections necessitated the filing of a motion to compel. Thus, the undersigned did not display antagonism for the plaintiff at all, let alone deep-seated antagonism. Nor is the undersigned predisposed to favor the defendant. Indeed, while defendant incurred $3644 in fees in seeking responses to discovery and preparing the motion to compel, the court, recognizing that plaintiff was proceeding in forma pauperis, only awarded defendant $500.

_____

*Ins. Co.*, 839 F.2d 1226, 1229 (7th Cir. 1988) ("Judges have an obligation to litigants and their colleagues not to remove themselves needlessly . . . because a change of umpire in mid-contest may require a great deal of work to be redone . . . and facilitate judge-shopping.").

[9] *Liteky*, 510 U.S. at 555; *accord Pearson*, 208 F.3d at 1277; *United States v. Deters*, 184 F.3d 1253, 1256 (10th Cir. 1999).

The undersigned has a duty to sit and hear this case because there is no legitimate reason for recusal.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1.      Plaintiff's motion for recusal (**doc. 61**) is denied to the extent that it seeks recusal of the undersigned U.S. Magistrate Judge.

2.      Copies of this order shall be served electronically on counsel of record, and on the pro se plaintiff by regular and certified mail.

Dated this 9th day of July, 2009, at Kansas City, Kansas.

 s/James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge