IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL E. McKINZY, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08-2649-CM |
| | ) |
| INTERSTATE BAKERIES CORP., | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

This hostile work environment case comes before the undersigned U.S. Magistrate Judge, James P. O'Hara, on the motion **(doc. 69)** of the pro se plaintiff, Michael E. McKinzy, Sr., for a protective order that would preclude his deposition being taken by the defendant, Interstate Bakeries Corp. Plaintiff's motion also asserts certain objections to the discovery and pretrial deadlines set in the undersigned's amended scheduling order of July 21, 2009 (doc. 68).

Plaintiff's motion, simply stated, is both frivolous and abusive. The court will not allow the abuse to be compounded by having to expend its valuable resources with a detailed recitation of the procedural history of the case. It suffices to note here that prior orders entered by the undersigned, by the presiding U.S. District Judge, Hon. Carlos Murguia, and by the Tenth Circuit Court of Appeals demonstrate quite clearly that plaintiff has done his level best at every step along the way to make this simple employment case needlessly difficult and time-consuming for all concerned (*see* docs. 19, 22, 36, 38, 44, 58, and 63).

Judges and experienced attorneys try to accommodate pro se litigants because the latter often make *unintentionally* mistakes in navigating procedural issues in litigation. But unfortunately the record in this case quite strongly suggests plaintiff *deliberately* has sought to undermine this case being processed in a manner consistent with the mandate of Fed. R. Civ. P. 1, which of course calls upon all of the rules of procedure to be "construed and administered to secure the just, speedy, and inexpensive of every action and proceeding." For example, whenever a ruling on a given point goes against plaintiff, even on relatively minor matters that are wholly discretionary and based on a practical approach to things, he persists in pursuing that point ad nauseum.

Plaintiff's instant motion is even more egregious because it challenges a course of action to which plaintiff agreed. Plaintiff, who alleges in his complaint (doc. 1) that he seeks $300,000 for "each violation" by defendant, plus an award of punitive damages, now seeks a protective order that would prevent his deposition being taken by defendant. The court has attempted to make clear to plaintiff that defendant has the opportunity to find out what evidence, if any, plaintiff has to back up his allegations of unlawful conduct in the work place. Significantly, although during the July 20, 2009 status and scheduling conference plaintiff did object to the undersigned extending the discovery completion deadline to July 31, 2009, and the dispositive motion deadline to September 18, 2009, plaintiff *agreed* his deposition could and would be taken. The parties further agreed said deposition was the *only* remaining discovery required to put this case in a position where *both* parties could file summary judgment motions and, if necessary, to proceed to trial. After the conference, the

undersigned was under the impression plaintiff and defense counsel would agree on a specific date and time for the deposition before the July 31, 2009 deadline set by the court. It now appears from recent correspondence sent by defense counsel to plaintiff that, even though they agreed the deposition would be taken at 9:30 a.m. on Monday, July 27, 2009, plaintiff failed to appear (*see* doc. 70). Plaintiff evidently did not give counsel so much as the courtesy of an advance call about the abrupt change of position, choosing instead to rely on the motion dropped off at the Clerk's Office shortly before 5:00 p.m. on Friday, July 24, 2009. Counsel has indicated, however, he would be willing to re-schedule the deposition for July 28 or 29, 2009.

Not to put too fine a point on it, so this case may be decided on the merits, the undersigned strongly suggests plaintiff *immediately* contact defense counsel and make himself available for deposition on one of the two indicated dates. In the hopefully unlikely event this suggestion goes unheeded, the court presumably will be favored with a motion by defendant to dismiss this case, with prejudice, as a sanction for failing to provide discovery. Given the state of the record, the undersigned would be inclined to recommend that Judge Murguia grant such a motion.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1.      Plaintiff's motion **(doc. 69)** is denied to the extent it seeks a protective order precluding plaintiff's deposition being taken by defendant. Plaintiff's motion is also denied to the extent it seeks reconsideration of the deadlines and settings in the amended scheduling

order filed on July 21, 2009.

2.     Copies of this order shall be served electronically on counsel of record, and on the pro se plaintiff by regular and certified mail.

Dated this 27th day of July, 2009, at Kansas City, Kansas.

s/James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge