**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| MICHAEL E. McKINZY, SR., | ) | |
| | ) | **CONSOLIDATED CASES** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **No. 08-2649-CM** |
| | ) | |
| INTERSTATE BAKERIES CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| MICHAEL E. MCKINZY, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | **No. 09-2081-CM** |
| | ) | |
| | ) | |
| INTERSTATE BRANDS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER**

This case is before the court on plaintiff Michael McKinzy's Objections And Motion For

Review By District Judge of Motion for Change of Magistrate Judge in Above Captioned Case

(Doc. 64).  On July 9, 2009, plaintiff Michael McKinzy filed a Motion for Change of Judge and

Magistrate Judge in Above Captioned Case (Doc. 61).  In his motion, plaintiff contended that both

the undersigned and Magistrate Judge James O'Hara should recuse from this case "due to bias

against plaintiff as a pro se litigant" evidenced by the court's "whimsical imposing of sanctions as

retribution . . . for plaintiff exercising his rights to appeal court decisions to the Tenth Circuit Court

of Appeals" in four of his current lawsuits, including this one.[1]  On the same day, Judge O'Hara

issued an order denying plaintiff's motion.  (Doc. 63.)  Plaintiff seeks review of that order.

The court finds that Magistrate Judge O'Hara's order was not "clearly erroneous or contrary to law."  *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  Under this applicable clear error standard, this court will affirm "unless it, 'on the entire evidence, is left with the definite and firm conviction that a mistake has been committed.'"  *Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see McCormick v. City of Lawrence, Kansas*, 218 F.R.D. 687, 692–93 (D. Kan. 2003).  In this case, plaintiff has failed to establish clear error.

In his order, Judge O'Hara properly set out and applied the standards for recusal, noting that the court should recuse itself only if a reasonable person would believe that the assigned judge has displayed such "deep-seated favoritism or antagonism that would make fair judgment impossible." (Doc. 63) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

In late March, 2009, defendants filed a motion to compel certain discovery, and sought an award of costs and expenses associated with the filing of the motion.  Despite plaintiff's failure to respond to the motion, Judge O'Hara considered its merits, and found that plaintiff's objections to the defendant's discovery were not substantially justified.  Judge O'Hara granted defendant's motion to compel, (Doc. 38), and ordered plaintiff to fully respond to certain interrogatories and requests for production.  Judge O'Hara directed plaintiff to show cause in writing why the court should not

---

[1] *McKinzy, Sr. v. Union Pac. R.R.*, No. 08-cv-02519-CM-JPO (filed 10/20/08, closed 04/17/09); *McKinzy, Sr. v. Norfolk S. R.R.*, No. 08-cv-02599-CM-JPO (filed 12/02/08, closed 06/12/09); *McKinzy, Sr. v. Interstate Bakeries Corp.*, No. 08-cv-02649-CM-JPO (filed 12/22/08, the instant case); *McKinzy, Sr. v. Kansas City Power and Light*, No. 09-cv-02070-CM-JPO (filed 02/12/09).

impose sanctions on him.  Plaintiff failed to do so.  Defendant's affidavit supported an award in the amount of $3644.  Judge O'Hara entered an award of $500.

As Judge O'Hara noted in his order denying recusal, (Doc. 63), his order awarding sanctions explained that Fed. R. Civ. P. 37(a)(5)(A) required the court to sanction plaintiff for asserting unjustified objections to defendant's discovery requests, which objections necessitated the filing of a motion to compel.  Thus, Judge O'Hara did not display antagonism for the plaintiff at all, let alone deep-seated antagonism.  Indeed, while defendant incurred $3644 in fees seeking responses to discovery and preparing the motion to compel, Judge O'Hara, recognizing plaintiff's *in forma pauperis* status, only awarded defendant $500.  Knowing all of the relevant facts, no reasonable person could harbor doubts about Judge O'Hara's impartiality.  The court finds that Magistrate Judge O'Hara properly denied plaintiff's motion for recusal.

**IT IS THEREFORE ORDERED** that plaintiff's Objections And Motion For Review By District Judge of Motion for Change of Magistrate Judge in Above Captioned Case (Doc. 64) is denied.

Dated this 4th day of August 2009, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
