# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHAEL E. McKINZY, SR.,** ) | |
| ) | **CONSOLIDATED CASES** |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **No. 08-2649-CM** |
| ) | |
| **INTERSTATE BAKERIES CORP.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |
| ) | |
| **MICHAEL E. MCKINZY, SR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **No. 09-2081-CM** |
| ) | |
| **INTERSTATE BRANDS CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## ORDER

This case is before the court on plaintiff Michael McKinzy's Objections and Motion for Review By District Judge of Magistrate Judge's Order Imposing Sanctions Against Plaintiff in Above Captioned Case (Doc. 65).

The court finds that Magistrate Judge O'Hara's order was not "clearly erroneous or contrary to law." *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this applicable clear error standard, this court will affirm "unless it, 'on the entire evidence, is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395

(1948)); *see McCormick v. City of Lawrence, Kansas*, 218 F.R.D. 687, 692–93 (D. Kan. 2003). In this case, plaintiff has failed to establish clear error.

In late March, 2009, defendants filed a motion to compel certain discovery, and sought an award of costs and expenses associated with the filing of the motion. Despite plaintiff's failure to respond to the motion, Judge O'Hara considered its merits, and found that plaintiff's objections to the defendant's discovery were not substantially justified. Judge O'Hara granted defendant's motion to compel, (Doc. 38), and ordered plaintiff to fully respond to certain interrogatories and requests for production. Judge O'Hara directed plaintiff to show cause in writing why the court should not impose sanctions on him. Plaintiff failed to do so. Defendant's affidavit supported an award in the amount of $3644. However, considering plaintiff's *in forma pauperis* status, Judge O'Hara entered an award of $500.

As Judge O'Hara noted, Fed. R. Civ. P. 37(a)(5)(A) governs provides that, if the motion to compel is granted,

> the court must, after giving an opportunity to be heard, require the party. . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

The court finds that Magistrate Judge O'Hara properly awarded defendant $500 in costs and expenses incurred in filing its motion to compel, pursuant to Fed. R. Civ. P. 37(a)(5)(A).[1]

**IT IS THEREFORE ORDERED** that plaintiff's Objections and Motion for Review By

---

[1] Plaintiff asserts that he is "troubled" that, in an unrelated case filed by a different plaintiff against this defendant, monetary sanctions were requested but denied. *See Soza v. Interstate Brands Corp.*, No. 08-2155-EFM. Aside from the fact that the proceedings in that case do not bind the court in this case, the facts of that case indicate that Judge O'Hara granted defendant's motion to compel, and plaintiff voluntarily paid in full the amount set out by defendant's affidavit, rendering sanction unnecessary. Case No. 08-2155, Order dated Oct. 14, 2008 (Doc. 20).

District Judge of Magistrate Judge's Order Imposing Sanctions Against Plaintiff in Above Captioned Case (Doc. 65) is denied.

Dated this 4th day of August 2009, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**