# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHAEL E. McKINZY, SR.,** ) | |
| ) | **CONSOLIDATED CASES** |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 08-2649-CM |
| ) | |
| **INTERSTATE BAKERIES CORP.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |
| ) | |
| **MICHAEL E. MCKINZY, SR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 09-2081-CM |
| ) | |
| ) | |
| **INTERSTATE BRANDS CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## ORDER

This case is before the court on Plaintiff's Objections and Motion for Review by District Judge of Magistrate Judge's Order Extending Deadlines For Discovery and Dispositive Motions Pursuant to Fed R. Civ. P. 72 (Doc. 78). For the reasons that follow, the court denies the relief requested by plaintiff's motion.

The court finds that Magistrate Judge O'Hara's order was not "clearly erroneous or contrary to law." *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this applicable clear error standard, this court will affirm "unless it, 'on the entire evidence, is left with the definite and firm conviction that a mistake has been committed.'"

*Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see McCormick v. City of Lawrence, Kansas*, 218 F.R.D. 687, 692–93 (D. Kan. 2003).  In this case, plaintiff has failed to establish clear error.  On the contrary, plaintiff's motion for review supports Judge O'Hara's conclusion that plaintiff is "doing his best . . . to make this simple employment case needlessly difficult and time-consuming for all concerned."  (Doc. 71, at 1.)

In his motion filed July 24, 1997, (Doc. 69), plaintiff sought a protective order that would preclude his deposition from being taken by the defendant, and asserted objections to the discovery and pretrial deadlines set in Judge O'Hara's amended scheduling order, specifically that plaintiff's deposition would take place before July 31, 2009 (Doc. 68).  Despite the parties' scheduling that deposition at 9:30 a.m. on Monday, July 27, 2009, plaintiff failed to appear.[1]

Judge O'Hara entered an order on July 27, 2009—after being notified of plaintiff's failure to appear—stating that plaintiff's motion was "both frivolous and abusive."  (Doc. 71.)  This court agrees with Judge O'Hara that a review of the procedural history of this case clearly demonstrates that plaintiff has deliberately sought to undermine the "just, speedy, and inexpensive [determination]" of this action in contravention of the federal rules.  Judge O'Hara notes that plaintiff had agreed that his deposition could and would be taken, and that this deposition was the only remaining discovery required to put this case in a position to be resolved, either on dispositive motions or at trial.

Judge O'Hara did not abuse his discretion by amending the scheduling order, or by extending deadlines for completion of discovery.  The need for doing so was created by plaintiff.  And

---

[1] Currently before the court is defendant's Motion to Dismiss and Motion for Sanctions (Doc. 73) for plaintiff's failure to cooperate with the discovery process.

-3-

plaintiff's present Objections and Motion for Review by District Judge of Magistrate Judge's Order Extending Deadlines For Discovery and Dispositive Motions Pursuant to Fed R. Civ. P. 72 (Doc. 78) is yet another example of his abuse of this court.  It is denied.

**IT IS THEREFORE ORDERED** that the relief requested in Plaintiff's Objections and Motion for Review by District Judge of Magistrate Judge's Order Extending Deadlines For Discovery and Dispositive Motions Pursuant to Fed R. Civ. P. 72 (Doc. 78) is denied.

Dated this 22nd day of September 2009, at Kansas City, Kansas.

                                                   **s/ Carlos Murguia**
                                                   **CARLOS MURGUIA**
                                                   **United States District Judge**