# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHAEL E. McKINZY, SR.,** ) | |
| ) | **CONSOLIDATED CASES** |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **No. 08-2649-CM** |
| ) | |
| **INTERSTATE BAKERIES CORP.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| **MICHAEL E. MCKINZY, SR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **No. 09-2081-CM** |
| ) | |
| **INTERSTATE BRANDS CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM & ORDER

These consolidated cases are before the court on defendant Interstate Brands Corporation's Motion to Dismiss and Motion for Sanctions (Doc. 73) for plaintiff's continued and knowing failure to cooperate with the discovery process.[1] Plaintiff's response failed to address the allegations contained in the motion. (Doc. 79). This court issued an order directing plaintiff to show cause why defendant's motion should not be granted pursuant to Local Rule 7.4, and to respond to defendant's motion. Plaintiff has failed to do either, and the court thus considers defendant's motion without the

---

[1] Defendant Interstate Brands Corporation, although incorrectly identified as "Interstate Bakeries Corp." by plaintiff in case number 08-2649, is the defendant in both cases. (*See, e.g.*, Doc. 4, at 1.)

benefit of a response brief. For the reasons that follow, the court grants defendant's motion (Doc. 73).

I.      **Factual and Procedural Background**

The procedural history of this case, as set out in defendant's motion, began in late 2008 when plaintiff filed case number 08-2649 ("*McKinzy I*") claiming discriminatory discharge and a racially hostile work environment. (Doc. 1.) Plaintiff later sought to amend *McKinzy I* to add discriminatory refusal to hire claims. (Doc. 12.) Judge O'Hara denied plaintiff's requested amendment "without prejudice to it being re-filed with a clear articulation of the proposed changes." (Doc. 14.) The same day that Judge O'Hara denied plaintiff's requested amendment, plaintiff filed a Motion for Summary Judgment in *McKinzy I* seeking summary judgment on the refusal to hire allegations that were not part of the case at that time. (Doc. 15.)

Two days later, in lieu of filing another amendment to cure the defects in his original proposed amended complaint, plaintiff filed case number 09-2081 in the United States District Court for the District of Kansas ("*McKinzy II*") in which he asserted the refusal to hire allegations that he sought to have added to *McKinzy I*. Judge O'Hara struck/denied plaintiff's Motion for Summary Judgment as it sought judgment on claims not in the case (*i.e.*, refusal to hire claims). (Doc. 27). In March 2009, the court, with plaintiff's approval, consolidated *McKinzy I* and *McKinzy II*. Plaintiff nevertheless sought review by the undersigned of Judge O'Hara's orders denying the requested amendment and striking the motion for summary judgment. This court affirmed Judge O'Hara's rulings in an order dated April 10, 2009, and warned defendant of the possibility of sanctions for meritless filings. (Doc. 36.)

While plaintiff's motion for review was pending, defendant filed a motion to compel due to

-2-

plaintiff's failure to properly respond to written discovery. (Doc. 31.) Judge O'Hara granted this motion on April 13, 2009, (Doc. 38), and ultimately entered an Order sanctioning plaintiff in the amount of $500. (Doc. 60.) Plaintiff has refused to pay this sanction.

Rather than move forward with his claims, plaintiff filed a Rule 59 motion on April 12, 2009, requesting that the undersigned reconsider an April 10, 2009 Order in which the court had refused to overturn Judge O'Hara's orders regarding the amendment to the pleadings and the motion for summary judgment. (Doc. 39.) On April 13, 2009, pursuant to the parties' joint stipulation, the court dismissed the claims asserted in *McKinzy II*—the refusal to hire claims. This court denied plaintiff's motion to modify. (Doc. 44.) Its order contained a second warning of the possibility for sanctions for plaintiff's conduct. Plaintiff appealed this ruling to the Tenth Circuit. (Doc. 51.)

On June 24, 2009, the Tenth Circuit dismissed plaintiff's appeal. (Doc. 58.) On July 9, 2009, plaintiff filed a motion to have Judges Murguia and O'Hara recuse themselves from further rulings in this case. (Doc. 61.) Both Judge O'Hara and the undersigned separately denied plaintiff's request as meritless. (Docs. 63, 74.)

Defendant points to events beginning on July 20 as particularly relevant to the relief it requests in the instant motion. On that day, the court held a status and scheduling conference in this matter due to the Tenth's Circuit's recent dismissal of plaintiff's appeal. At the conference, Judge O'Hara ordered that plaintiff's deposition be taken by July 31, 2009. (Doc. 68.) At the close of the status conference, counsel for defendant met with plaintiff to confirm his telephone number and his availability for Friday, July 24, or Monday, July 27. The parties agreed to conduct the deposition at defense counsel's office in lieu of the courthouse, as plaintiff stated it was easier for him to arrange for transportation to counsel's office. At no time during the status conference or in the meeting afterwards did plaintiff state to the court or to opposing counsel that he would not appear for his

-3-

deposition.

On the morning of July 21, 2009, defense counsel left a message for plaintiff at his confirmed phone number, stating that the deposition would take place on Monday, July 27, 2009, at 9:30 a.m. A Notice of Deposition was sent via Federal Express to plaintiff, and was delivered later that afternoon at his Overland Park address. (Doc. 73-2, Ex. 1.)

That day, defense counsel received a voice mail message from plaintiff confirming receipt of counsel's earlier message regarding the scheduling of the deposition for July 27 and asking that written confirmation be sent so that plaintiff would have the exact starting time. Because written confirmation had already been sent, no further communication was sent to plaintiff. At no time in plaintiff's voice mail message or after he received notice of the deposition did plaintiff state that he would not appear for the deposition.

On Monday, July 27, 2009, at 9:30 a.m., defense counsel, defendant's Human Resource Manager Amie Gifford, videographer Jason Leonard, and court reporter Kathy Lanning appeared at defense counsel's office to conduct plaintiff's deposition. Plaintiff did not appear at 9:30 a.m. as scheduled nor did he call to state he was late or not coming.

Between 9:30 a.m. and 10:30 a.m., defense counsel called plaintiff on three separate occasions, and on each occasion, left a message for plaintiff to call as soon as possible. At 10:30 a.m., however, after not receiving any return call from plaintiff, defendant concluded the deposition for the day and released the videographer and court reporter. (Doc. 73-4, Ex. 3.) Defense counsel contacted Judge O'Hara's chambers by telephone to advise of plaintiff's failure to appear.

At 11:01 a.m. on July 27, 2009, defense counsel sent a letter to plaintiff via email and hand delivery setting out the events above, requesting plaintiff call immediately upon receipt of the letter, suggesting the only possible dates for rescheduling within the deadline, and notifying

plaintiff that defendant would seek the costs involved for the July 27 deposition.  (Doc. 73-5, Ex. 4.)

Midday on July 27, defense counsel received notification through the court's electronic case filing system of plaintiff's Motion and Supporting Memorandum for Protective Order (Doc. 69) that had been delivered by plaintiff to the Clerk's office shortly before 5:00 p.m. on Friday, July 24, 2009.  In this motion, plaintiff sought an order from the court that would preclude his deposition from being taken, and objected to the discovery and pretrial deadlines set at the July 20 scheduling conference.  Defendant filed a response within hours, and that same afternoon, Judge O'Hara issued an Order denying plaintiff's Motion for Protective Order and concluding:

> Not to put too fine a point on it, so this case may be decided on the merits, the undersigned strongly suggests plaintiff *immediately* contact defense counsel and make himself available for deposition on one of the two indicated dates.  In the hopefully unlikely event this suggestion goes unheeded, the court presumably will be favored with a motion by defendant to dismiss this case, with prejudice, as a sanction for failing to provide discovery.  Given the state of the record, the undersigned would be inclined to recommend that Judge Murguia grant such a motion.

(Doc. 71.) (emphasis in original).

Immediately upon receipt of the court's Order (Doc. 71), defense counsel sent, by hand delivery, a letter to plaintiff which reads, in full, as follows:

> Enclosed is a copy of the Court's Order regarding discovery in this case.  I am having it hand delivered to you to insure delivery.  It is 3:46 p.m. on Monday, July 27, as I type this letter. Due to the time it will take to deliver it to your apartment, it is unlikely that you will receive it prior to the close of business today. Nevertheless, please contact me as soon as you receive this letter so that we may arrange for your deposition on Tuesday (July 28) or Wednesday (July 29).  Thank you.

(Doc. 73-6, Ex. 5.)  Plaintiff did not contact counsel that day, as requested by counsel or the court.  Nor did plaintiff contact defense counsel on July 28, 2009, as requested by counsel and suggested by the court.

At approximately 4:00 p.m. on July 28, 2009, defense counsel hand delivered a letter to

-5-

plaintiff noting that, in light of plaintiff's failure to respond to the two July 27 letters, defendant would be filing a motion to dismiss plaintiff's claims for failure to cooperate in the discovery process. (Doc. 73-7, Ex. 6.) But for his July 21 voice mail message indicating that he would be at the July 27 deposition, plaintiff has made no other contact with defense counsel.

Defendant now asks this court to dismiss plaintiff's claims, with prejudice, as a sanction for disobeying the court's discovery orders pursuant to Federal Rule of Civil Procedure 37. Defendant also seeks an order requiring plaintiff to pay defendant's out-of-pocket costs incurred in arranging for and having a videographer and court reporter attend the July 27 deposition; pay defendant's reasonable attorney's fees in attending the deposition; and pay defendant's reasonable attorney's fees incurred in preparing the instant motion. Plaintiff's response to this motion, (Doc. 79), fails to address defendant's allegations and instead reargues his July 24, 2009 Motion and Supporting Memorandum for Protective Order (Doc. 69). Plaintiff has failed to file any responsive briefing, despite this court's August 26, 2009 Order to Show Cause. (Doc. 84.)

## II.     Judgment Standards

Pursuant to Rule 37, this court has a broad choice of remedies and penalties through which it may compel compliance with federal discovery procedures. In addition to an order compelling answers, the court may impose sanctions on uncooperative litigants including dismissal of some or all of plaintiff's claims. *See* Fed. R. Civ. P. 37(b)(2)(A)(v); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980). Such sanctions are also authorized based on this court's inherent authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers*, 501 U.S. at 43 (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)).

When considering dismissal as a sanction, this court evaluates the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (citation omitted); *see also Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir. 1992).

### III.    Analysis

First, defendant has been prejudiced by plaintiff's willful failure to appear for his deposition. Defendant has been unable to defend against plaintiff's claims, or to resolve the claims on their merits. Defendant has incurred attorney's fees responding to plaintiff's continuous, meritless motions and interlocutory appeals.

Second, the court finds that the plaintiff's conduct, highlighted by his failure to appear for his deposition but evident also in his general approach to prosecuting this case, has substantially interfered with the judicial process. He has blatantly disregarded the orders of this court regarding discovery, and his obstructionist tactics have prevented this court from evaluating his claims on their merits and from reaching a just and speedy resolution of this case. *See* Fed. R. Civ. P. 1. His filing of meritless motions and motions for review of orders on those motions and notices of appeal regarding those orders have resulted in a wasteful expenditure of judicial resources. Plaintiff's failure to present himself for his deposition as ordered by the court has prevented this case from moving forward and has significantly interfered with judicial process.

Third, plaintiff, as a *pro se* litigant, is solely culpable for his conduct. The court is mindful that, in a case in which a party appears *pro se*, the court must be especially careful in assessing the efficacy of a sanction so that a party does not unknowingly lose its right of access to the courts. *See Ehrenhaus*, 965 F.2d at 920 n.3 (citing *Mitchell v. Inman*, 682 F.2d 886, 887 (11th Cir. 1982)). In

this case, however, plaintiff has used all the tools available to him to willfully obstruct the prosecution of his case, to disobey this court's orders, and to put as heavy a burden as possible on defendant and the court.

Furthermore, the court finds that plaintiff was well aware of the potential consequences of his actions. He received a monetary sanction already in this case for failure to comply with discovery orders. He was warned in this court's July 27, 2009 order that his failure to present himself for deposition could result in dismissal of his claims. Defendant specifically put plaintiff on notice of dismissal as a possible sanction by delivering its July 28 letter, and by filing the instant motion. This court reinforced that notice through its August 26, 2009, order to show cause.

The court is mindful that dismissal represents an extreme sanction appropriate only in cases of willful misconduct. *Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir. 1988). While in many cases, a lesser sanction will deter the errant party from further misconduct, *Ehrenhaus*, 965 F.2d at 920, the court finds that lesser sanctions will not be effective here. Monetary sanctions previously imposed have apparently not conveyed the importance of complying with the court's orders and the federal rules. Plaintiff's increasingly lengthy, expensive, and abusive litigation history in this case supports dismissal based on his willful failure to appear for his scheduled deposition. The court therefore dismisses plaintiff's claims with prejudice.

**IV.     Fees and Costs**

Plaintiff's failure to appear for his deposition scheduled July 27, 2009, or to otherwise present himself for deposition as ordered by the court, was unjustified and supports an award of expenses and reasonable attorney's fees under Rule 37(b)(2)(C). Within fifteen days of the date of this order, defendant shall submit an affidavit of time and expenses incurred upon the failed deposition of July 27, 2009, and incurred in obtaining this order. Within five days thereafter,

plaintiff may respond to that submission.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss and Motion for Sanctions (Doc. 73) is granted.

**IT IS FURTHER ORDERED** that plaintiff's claims in the above-captioned consolidated cases are dismissed with prejudice.

**IT IS FURTHER ORDERED** that defendant is entitled to an award of expenses and reasonable attorney's fees related to the July 27, 2009 deposition, and the preparing of the instant motion. Within fifteen days of the date of this order, defendant shall submit an affidavit of time and expenses incurred upon the failed deposition of July 27, 2009, and incurred in obtaining this order. Within five days thereafter, plaintiff may respond to that submission.

Dated this 28th day of September 2009, at Kansas City, Kansas.

                                            **s/ Carlos Murguia**
                                            **CARLOS MURGUIA**
                                            **United States District Judge**